**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 3 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| ELVIA YANETH BARRAGAN MARTINEZ; M.C.B., <br><br> Petitioners, <br><br> v. <br><br> TODD BLANCHE, Acting Attorney General, <br><br> Respondent. | No. 22-553 <br><br> Agency Nos. <br> A208-604-106 <br> A208-604-107 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 10, 2026[**]
Portland, Oregon

Before: GRABER, BERZON, and SUNG, Circuit Judges.

Elvia Yaneth Barragan Martinez and her minor child, natives and citizens of

Mexico, petition for review of a decision by the Board of Immigration Appeals

("BIA") dismissing their appeal from an Immigration Judge's ("IJ") denial of their

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

We review the BIA's "factual findings for substantial evidence and legal questions de novo." *Guerra v. Barr*, 974 F.3d 909, 911 (9th Cir. 2020). "Under the substantial evidence standard, this court must accept the agency's findings unless the record 'evidence is so compelling that no reasonable factfinder' would reach the agency's conclusion." *Santana-Gonzalez v. Bondi*, 172 F.4th 736, 742 (9th Cir. 2026) (citation omitted). "Where the BIA 'has reviewed the IJ's decision and incorporated portions of it as its own, we treat the incorporated parts of the IJ's decision as the BIA's.'" *Maie v. Garland*, 7 F.4th 841, 845 (9th Cir. 2021) (citation omitted).

1. An applicant who can avoid persecution by moving "to another part of the applicant's country of nationality" does not have a well-founded fear of future persecution if it would be reasonable for the applicant to relocate. 8 C.F.R. § 1208.13(b)(2)(ii). Substantial evidence supports the agency's conclusion that it would be reasonable for Petitioners to relocate to Guadalajara. Barragan Martinez's minor son "would still have access to the same educational services and medical care" if relocated to Guadalajara. And the agency permissibly concluded that Barragan Martinez's fear of harm from the Knights Templar in Guadalajara

was not well-founded because her similarly situated relatives, including her brother-in-law and his wife, relocated to Guadalajara without incident.

Petitioners do not meaningfully challenge the BIA's conclusion regarding internal relocation to Guadalajara. They make a general statement that "internal relocation is both unsafe and unreasonable" and argue that internal relocation to Jalisco or Michoacan, in particular, would be unreasonable. But because the agency permissibly concluded that Petitioners could reasonably relocate to Guadalajara that argument is unpersuasive. *See INS v. Orlando Ventura*, 537 U.S. 12, 18 (2002) (per curiam) ("[A]n individual who can relocate safely within his home country ordinarily cannot qualify for asylum . . . ."); *Hussain v. Rosen*, 985 F.3d 634, 646 (9th Cir. 2021) ("[F]ailing to establish eligibility for asylum forecloses eligibility for withholding of removal.").

2. Substantial evidence supports the BIA's denial of Petitioners' CAT claim. The agency permissibly concluded that neither Barragan Martinez nor her minor son was tortured in the past and that Barragan Martinez only feared the *possibility* that her son, if returned, would be institutionalized due to his disability. Despite the "terrible" conditions in mental institutions in Mexico, we are not compelled to find that Petitioner or her minor son would likely face torture if returned. *See* 8 C.F.R. §§ 1208.16(c), 1208.18(a)(1).

The references to reports from Amnesty International, Human Rights Watch,

and the United States Department of State, on which Petitioners rely, simply amount to generalized evidence. Without more, Petitioners do not satisfy the required showing of a particularized threat of torture. *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010) (per curiam) (determining that "generalized evidence of violence and crime in Mexico" was not particular to petitioners and was insufficient to establish CAT eligibility).

**PETITION DENIED.**